United States District Court
Southern District of Texas

**ENTERED**

August 10, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CRIMINAL ACTION NO. H-26-23 |
| | § | |
| JOHN STEVENSON BYNON, JR., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

The United States has moved to clarify the issues the parties will address at the August 18, 2026, pretrial conference.  (Docket Entry No. 119).  The United States moves to defer the *Daubert* hearing on Dr. Raymond Lynch and Dr. Matthew Cooper because they "are rebuttal witnesses." (Docket Entry No. 119 at 1).  The court denies the United States's motion at this time.

First, ruling on the *Daubert* issues before trial will help ensure that the trial proceeds efficiently.  The court does not want to risk wasting the jury's time adjudicating *Daubert* motions during trial, even if that is during the United States's rebuttal case.  Based on the extensive pretrial motion practice, and the evidence on which Dr. Bynon has stated in pretrial motions he may rely on, the United States is likely to call these witnesses, at least in rebuttal.  There is no reason to delay hearing the *Daubert* issues those witnesses will raise.

Second, the United States cannot use rebuttal "as a continuation of the case-in-chief."  *See Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 685 (5th Cir. 1991) (holding that a district court did not abuse its discretion in excluding testimony from an expert that could have been elicited earlier). At this point in the pretrial development, it appears that the case will focus on Dr. Bynon's use of unrealistic donor criteria to achieve "informal holds" and whether he made a false statement with

fraudulent intent when he adjusted the donor criteria.  The government cannot delay calling Dr. Lynch and Dr. Cooper until rebuttal to testify as to issues that are clearly central to, and likely to be raised in, the government's case in chief.  Even if the United States can stick to its plan to call the experts in rebuttal, it should be prepared to address the *Daubert* issues in case if, after a final ruling on this issue, the United States changes its mind.

For these reasons, the court will not defer argument on the pending *Daubert* motions.

SIGNED on August 10, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge