United States District Court
Southern District of Texas

**ENTERED**

August 11, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CRIMINAL ACTION NO. H-26-23 |
| | § | |
| JOHN STEVENSON BYNON, JR., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Dr. Bynon has moved for a bill of particulars on the willfulness element of the charges against him. (Docket Entry No. 93). Under Federal Rule of Criminal Procedure 7, "[t]he court may direct the government to file a bill of particulars." FED. R. CRIM. P. 7(f). "A bill of particulars is used to further inform a defendant of the charges against him, to minimize surprise at trial, and to enable him to adequately prepare a defense." *United States v. Natividad-Garcia*, 560 F. Supp. 2d 561, 570 (W.D. Tex. 2008) (citing *United States v. Carlock*, 806 F.2d 535, 550 (5th Cir. 1986)). Although a trial court may require the government to provide a bill of particulars, "most requests for bills of particulars are denied." *United States v. Martinez*, 599 F. Supp. 2d 784, 808 (W.D. Tex. 2009). The bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980).

Dr. Bynon moved for a bill of particulars on the willfulness element because the United States has not articulated its theory of Dr. Bynon's illegal motive or intent. (*Id.* at 1–2). The United States responds that Dr. Bynon's motion is untimely and is being used impermissibly as a discovery device. (Docket Entry No. 105 at 2–3). In his reply, Dr. Bynon explained that his

motion for a bill of particulars is narrow: he wants to know "whether the 'willfulness' allegations in the indictment are based solely on Dr. Bynon's alleged non-compliance with § 482.94 and, if not, to identify the specific statute or regulation that the government contends supports that element." (Docket Entry No. 122 at 5). The court agrees with Dr. Bynon.

First, Dr. Bynon's motion is not untimely. Although a defendant normally must move for a bill of particulars "within 14 days after arraignment," the defendant may so move "at a later time if the court permits." FED. R. CRIM. P. 7(f). The time limit, subject to the court's discretion, helps ensure that such motions are not used "for the purpose of delaying trial." FED. R. CRIM. P. 7(f), Advisory Committee's Note to 1966 Amendment. That is not the case here. Dr. Bynon's motion is narrow; his requested relief is not unduly burdensome for the United States; and granting the motion will not delay the trial. In addition, Dr. Bynon filed the motion after the United States disclosed in July that it was planning to prove the willfulness element based in part on violations of federal regulations, such as 42 C.F.R. § 482.94. (*See* Docket Entry No. 122 at 2). Dr. Bynon did not delay in filing his motion after the government's disclosure. The motion is not untimely under Rule 7(f).

Second, a bill of particulars on the willfulness element is necessary to minimize surprise at trial and to enable Dr. Bynon to adequately prepare a defense. *See Natividad-Garcia*, 560 F. Supp. 2d at 570. Dr. Bynon argues that he does not have adequate information about the government's basis for alleging that he acted willfully, hindering his ability to prepare an adequate defense. (*See* Docket Entry No. 93 at 1–2). The court agrees that the present record provides inadequate information as to the basis for the allegations that Dr. Bynon acted with a criminal intent. To the extent the United States plans to rely on violations of federal regulations—such as § 482.94—to do so, that proves the need for a bill of particulars. Dr. Bynon has argued that he did not violate §

2

482.94 as a matter of law. The government's other regulation-related allegations may be susceptible to similar legal challenges. Dr. Bynon needs to know which regulations he allegedly violated so he can prepare legal—not just factual—defenses to the government's allegations. Both efficiency and fairness require that Dr. Bynon have this information so that he can raise in advance his challenges to those regulation-related allegations.

The government's argument that Dr. Bynon is using Rule 7(f) as a discovery device to compel the government to disclose the details of its proof, (*see* Docket Entry No. 105 at 2–3), is unavailing. Dr. Bynon is asking for confirmation of the specific regulations or civil statutes the government alleges that he violated. Dr. Bynon is neither requesting a "*detailed* exposition of [the United States's] evidence" nor requiring it to "explain the legal *theories* upon which it intends to rely at trial." *Burgin*, 621 F.2d at 1359 (emphasis added). Dr. Bynon is not asking the government to point to the specific witnesses or exhibits it will use to prove the charges against him. Nor is Dr. Bynon asking the government to identify specific case law or details as to how the government will prove guilt beyond a reasonable doubt. *See, e.g.*, *United States v. Bynon*, ___ F. Supp. 3d ___, 2026 WL 1595296, at *4 (S.D. Tex. June 3, 2026) (discussing in detail the various false-statement theories that are potentially relevant to this case). Dr. Bynon is asking for more particularized allegations about how he violated federal regulations or other statutes. The court agrees that Dr. Bynon's need for the bill of particulars he requests is acute because: (1) the government's theory of willfulness has been opaque throughout the pretrial proceedings; and (2) allegations of regulatory or statutory violations may be susceptible to legal challenges. Advance notice of the government's allegations of what regulations or statutes Dr. Bynon violated is necessary for a fair and efficient trial.

After "weigh[ing]" the competing interests, *United States v. Fenton*, No. 3:22-CR-0390-S, 2026 WL 1196634, at *2 (N.D. Tex. May 1, 2026), the court grants Dr. Bynon's motion for a bill of particulars on the willfulness element.  (Docket Entry No. 93).  By August 17, 2026, the government must submit a filing that will explain "whether the 'willfulness' allegations in the indictment are based solely on Dr. Bynon's alleged non-compliance with § 482.94 and, if not, [] identify the specific statute or regulation that the government contends supports that element." (Docket Entry No. 122 at 5).

SIGNED on August 11, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge