**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **Case No. 4:26-cr-023** |
| | § | |
| **JOHN STEVENSON BYNON, JR.** | § | |

**UNITED STATES' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF EXCLUDING DEFENSE EXPERT JESSE SCHOLD, PH.D.**

The United States of America, through its undersigned counsel, respectfully submits this supplemental memorandum to further support exclusion of the proposed expert testimony of Dr. Jesse Schold. (Docket No. 133.) For the reasons set forth below, the Court should exclude this testimony.

Dr. Schold's opinions are inadmissible pursuant to Federal Rule of Evidence 702 ("Rule 702"), and binding Fifth Circuit precedent because they: (1) rest on unreliable reasoning and unsupported analytical assumptions; and (3) invoke program-wide regulatory metrics that cannot reliably address the individual conduct at issue in this prosecution and (3) only becomes relevant as a rebuttal expert if Dr. Lynch is called in the government's case in chief (not sure if this is the best wording). Thus, his testimony should be excluded in its entirety.

## I. Expert testimony must address a fact that is actually in dispute and must assist the jury. Dr. Schold's testimony does neither.

Rule 702 requires that expert testimony "help the trier of fact to understand the evidence or to determine a fact in issue." The Fifth Circuit requires a connection between proposed expert testimony and the pertinent inquiry. *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003); *see Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 591-92 (1993). Moreover, the Supreme Court is clear that, "within limits, the judge may control the scope of rebuttal testimony, may refuse to allow cumulative, repetitive, or irrelevant testimony, and may control the scope of examination of witnesses." *Geders v. United States*, 425 U.S. 80, 68 (1976); *see United States v. Renfro*, 620 F.2d 497, 502 (5th Cir. 1980) ("The trial judge has the authority, within limits, to control the scope of rebuttal testimony.") (citing *Geders*, 425 U.S. at 86)).

Defendant John Steven Bynon, Jr. ("Bynon") retained Dr. Schold to critique the methodology, reasoning, and comparisons in a report authored by Dr. Raymond Lynch. The "Scope of Opinions and Express Limitations" section of his report provides in pertinent part that he "[was] asked to evaluate the methodology, data sources, and inferential reasoning of the report of Raymond J. Lynch, M.D. dated June 7, 2026." (Ex. 1 at p. 4.) Accordingly, Dr. Schold's report rebuts an analysis that the jury may never see. Dr. Schold's testimony only becomes relevant if Dr. Lynch is called in the government's case-in-chief, Dr. Schold's testimony is irrelevant, unnecessary, and would inject into the trial an entirely collateral subject. In fact, this Court has held that rebuttal testimony is unnecessary when the expert that this rebuttal witness challenged is not testifying at trial. *See Casa Tradicion S.A. de C.V. v. Cases Azul Spirits*, LLC, Case No. 22-2972, 2023 U.S. LEXIS 197610, at *2-3 (S.D. Tex. Nov. 3, 2023) ("Based on that review, the court grants the motion to exclude the report and testimony of the plaintiff's expert, Mr. Burchett, making the rebuttal testimony of Mr. Green unnecessary and the motion to exclude is moot.") (Rosenthal, J.).[1] Dr. Schold may possess general knowledge of transplant allocation. Bynon must, however, identify an independent, disputed issue that each proposed opinion will assist the jury in deciding an issue in this case. The mere fact that an expert can explain a subject does not establish that his proposed opinions are relevant to this trial.

The Fifth Circuit has disapproved admission of exactly this type of "trial-within-a-trial" expert evidence. When an expert's testimony serves only to rebut an opposing expert and that expert does not testify, the testimony is irrelevant, fails Rule 702's helpfulness requirement, and is properly excluded. *See Huss v. Gayden*, 571 F.3d 442, 455 (5th Cir. 2009) (excluding expert opinions that "do not fit the facts of the case" and would not assist the jury). Because Schold's report is intentionally tethered to Dr. Lynch's non-testifying opinions, it cannot meet Rule 702(a).

---

[1] *see also* Crawford-Brunt v. Kruskall, 489 F. Supp. 4, 9 (D. Mass. 2020) (holding that [expert B] will not be permitted to testify on the issue in plaintiff's rebuttal case if [expert A] does not testify for the defendant" because "[allowing] a rebuttal witness to testify without the introduction of [expert A]'s testimony is therefore improper"); *Spencer v. Peters*, Case No. 11-5424, U.S. Dist. LEXIS 208574, at *4 (W.D. Wash. Jan. 7. 2023) ("Since Dr. Kuncel is not testifying, the Court finds the exclusion of Dr. Klein's testimony as a rebuttal witness appropriate, as there will not no testimony from Dr. Kuncel to rebut."); *Teetz v. Stepien*, Case No. 22-1134, 2025 U.S. Dist. LEXIS 258641, at *8 (D. Kan. Dec. 15, 2025) ("Additionally, as explained below, the Court bars Dr. Geis from testifying in this case and, therefore, any rebuttal by Dr. Steinberg is unnecessary."); *Humphreys v. Regents of the Univ. of Cal.*, Case No. 04-3808, 2006 U.S. Dist. LEXIS 47822, at *15 (July 6, 2006) ("As the Court has held that Pierno may not testify concerning the executive search process, the Court finds that Harlow's rebuttal testimony is unnecessary.").

## II. Schold's opinions concerning donor-acceptance criteria lack a sufficient analytical foundation.

Dr. Schold expressly refuses to offer opinions on any patient's clinical management or transplant candidacy, stating that these issues are "outside his expertise." Yet he simultaneously offers the conclusion that donor-acceptance criteria cannot be evaluated for clinical appropriateness because they are merely "operational" settings without external benchmarks. That conclusion requires a clinical assessment, which he admits he cannot perform.

Opinions that extend beyond the witness's expertise or whose opinions rest on unsupported assumptions are inadmissible. See *Huss*, 571 F.3d at 455 ("An expert may not go beyond the scope of his expertise."). Dr. Schold expressly disclaims that he offers any opinion concerning the clinical management, candidacy, or medical suitability of an individual patient. (Ex. 1 at p. 4.) He acknowledges that he is not a physician and that such opinions are outside his expertise and engagement. Because Schold did not—and by his own admission *cannot*—evaluate the medical appropriateness of the donor-criteria settings at issue, his assertion that such settings are inherently unevaluable rests on no reliable methodology.

Dr. Schold may be qualified to explain how the allocation system processes donor-acceptance criteria. But that does not authorize him to tell the jury that particular criteria were medically appropriate, justified, or incapable of being evaluated for error. Accordingly, the United States requests that the Court exclude any opinion that the absence of a universal benchmark establishes that the challenged donor-acceptance settings were appropriate, justified, or beyond meaningful evaluation.

## III. Schold's reliance on program-wide regulatory metrics does not reliably address the individual conduct at issue.

Dr. Schold repeatedly asserts that because Memorial Hermann's regulatory performance metrics did not trigger an MPSC low-performance action, the acts alleged in the superseding indictment are innocuous. But he also acknowledges—multiple times—that these metrics:

1. are aggregated,
2. do not measure individual surgeon conduct, and
3. do not assess donor-criteria practices at the patient level.

An expert's opinion must "fit" the specific dispute in the case. Fifth Circuit courts exclude expert analyses that rely on aggregated or irrelevant data to answer an individualized question. *See Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (excluding expert who relied on population-level data to reach a conclusion about an individual exposure not supported by the data). Likewise, Dr. Schold's reliance on system-wide metrics to opine—implicitly or explicitly—on whether the defendant's specific actions were appropriate is methodologically improper. The metrics he cites were never designed to detect, adjudicate, or validate patient-specific donor-criteria decisions. Thus, they cannot serve as a reliable foundation for his proposed opinions.

## III. Conclusion

For the reasons set forth above, Dr. Schold's testimony is inadmissible pursuant to Federal Rule of Evidence 702. In the event Dr. Lynch testifies and Dr. Schold's opinion is allowed in as rebuttal testimony, then we respectfully request the Court to limit Dr. Schold's testimony as described herein. Accordingly, the United States requests that the Court grant its motion to exclude this testimony. (Docket No. 133.)

Respectfully Submitted,
AARON F. REITZ
United States Attorney
Southern District of Texas

By: *<u>/s/ Amanda Alum</u>*
Amanda Alum
Suzanne Elmilady
Anthony Franklin
Sherin Daniel
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone (713) 567-9000

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been delivered on counsel of record via ECF upon filing.

*/s/ Amanda Alum*
Amanda Alum
Assistant United States Attorney